IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Courtney Brock, Petitioner, v. Warden of Camille Graham Correction Institution, Respondent. | ) | Case No. 8:26-cv-02064-SAC **OPINION AND ORDER** |

Petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On June 23, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed because the Petition is untimely under the applicable one-year statute of limitations. ECF No. 11. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if Petitioner failed to do so. *Id.* at 10. Petitioner has not filed any objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the

Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation modified).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is summarily DISMISSED with prejudice and without requiring Respondent to file an answer or return.

**CERTIFICATE OF APPEALABILITY**

Under the rules governing § 2254 Cases, the district court must issue or deny a certificate of appealability when the district court enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. Without "a substantial showing of the denial of a constitutional right," the district court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right is made when the district court denies relief on the merits and reasonable jurist would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). The showing is also made when the court denies relief on procedural grounds and the petitioner demonstrates both the dispositive procedural ruling is debatable and the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Having adopted the reasoning in the Report, the Court has determined the legal standard for the issuance of a certificate of appealability has not been met and therefore denies issuing the same.

IT IS SO ORDERED.

United States District Judge

August 14, 2026
Greenville, South Carolina